GUNSBERG v. GREEN.

VENDOR AND PURCHASER—ASSIGNMENTS—RESERVATIONS.
Where assignment of vendee's interest in contract, given as security, was later made absolute by contract in writing releasing vendee from all further obligation, he was not entitled, on sale of the property, to reimbursement of money paid by him.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted April 18, 1930. (Docket No. 13, Calendar No. 34,797.) Decided June 2, 1930.

Bill by Louis Gunsberg against Andrew H. Green, Jr., for an accounting. From a decree for plaintiff, defendant appeals. Reversed.

*Wm. Henry Gallagher* and *Samuel D. Coburn,* for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell (Fred G. Dewey* and *Arthur F. Neef,* of counsel), for defendant.

NORTH, J. In 1917 the parties to this suit purchased on a contract a parcel of land in the city of Detroit for $76,746, the down payment being $15,000. These vendees contributed the first payment equally and were to bear subsequent payments in the same proportion. Each contributed his share until December, 1920, when Mr. Gunsberg seems to have been unable to meet his share of the payment then due. To provide for this payment, Mr. Gunsberg gave his

note for $3,000. This was indorsed by Mr. Green and used in payment of Gunsberg's share of the amount due. Plaintiff, in order to secure defendant as an indorser on this note, assigned his interest in the contract to defendant, a condition being embodied in the assignment that it would be void if the defendant was held harmless as indorser on plaintiff's note. Mr. Green accepted the assignment, and incident thereto agreed in writing to make all subsequent payments on the contract, and the consent of the vendors to this assignment was obtained. All parties agreed that this transaction was for the sole purpose of securing Mr. Green against loss in consequence of his indorsement of Mr. Gunsberg's note. When the note came due, and after it was protested for nonpayment, it was renewed and a like arrangement was made to protect Mr. Green as the indorser on the renewal note. This note to the extent of $2,500 was replaced by Gunsberg's note to Green dated April 28, 1921; and again a like plan was adopted to indemnify Mr. Green against loss as an accommodation indorser of Mr. Gunsberg's note. This assignment was dated May 2, 1921. When Gunsberg's last note fell due (July 27, 1921), he could not meet it.

Another installment of $8,000 was due on the contract in August, 1921. This litigation arises out of an arrangement entered into between these parties August 11th of that year. At this time both plaintiff and defendant seemed to have been somewhat pressed in financial matters. The property had depreciated in value, but both parties knew that there was a prospect of its being purchased by the Ford Company. Gunsberg's note for $2,500 previously indorsed by Mr. Green had not been paid. Prior to this, these parties had sold on a contract

a portion of the property they were purchasing to Kiss and Candler. It was agreed in August, 1921, that Mr. Gunsberg would assign all of his interest as a vendee in the original contract and also his interest as a vendor in the Kiss-Candler contract to Mr. Green, and that he (Gunsberg) would be released from all liability as a vendee and Mr. Green would take over the contract obligation individually. It is plaintiff's contention that he was induced to assign his interests in the contracts to Mr. Green on the latter's representation that he could handle the matter more advantageously in his own name than if it were carried in the names of both of them; and that when the property was finally disposed of, Mr. Green would account to Mr. Gunsberg by way of reimbursing him for his investment already made and permitting him to share in any profits realized. On the other hand, the defendant claims that the assignment was made to him for the purpose of terminating any and all rights that the plaintiff would otherwise have in this property or the proceeds thereof. This presented the question of fact which the trial judge determined in favor of the plaintiff. The decree provided that plaintiff's investment should be repaid to him to the extent of $22,393.17 and interest thereon at the rate of five per cent. per annum from June 1, 1924, which was the date when defendant disposed of the property. The venture was closed at a net loss of $600.31. Defendant has appealed from the decree entered.

Two questions are involved: (1) Does the record sustain the circuit judge's finding of fact? and (2) can the terms of the written agreement entered into by these parties in August, 1921, be varied by proof of a contemporaneous parol agreement or understanding?

The trial judge made no definite findings of fact or law aside from the recital in the decree. We are mindful that the trial judge had the advantage of hearing and seeing the witnesses produced in court; but notwithstanding this, after having carefully reviewed this record, we are forced to the conclusion that the issue of fact was erroneously decided. So far as the oral testimony is concerned we find plaintiff's testimony on one side of the issue and defendant's on the other. Neither seriously challenges the good faith or credibility of the other; nor do we find reason for so doing beyond the fact of the conflict in the record. The defendant's testimony is corroborated by that of Joseph Kinnell who was present and knew of the details of the transaction out of which this litigation arises. In addition to this the record contains a written agreement entered into between these two business men on the 11th day of August, 1921, from which we quote:

"Now, therefore, in consideration of the surrender to the said Louis Gunsberg of said note (for $2,500) and the further consideration of the release by said vendors, Marion B. Leavenrich, Helen B. Levy and Grace V. Jacobs, of any and all further liability on the part of said Louis Gunsberg to the said vendors, the said Louis Gunsberg for himself, his heirs, representatives and assigns, does hereby absolutely assign, sell and transfer unto the said Andrew H. Green, Jr., his heirs, representatives and assigns, any and all right, title and interest of every sort and nature in and to said contract, it being the intention hereby to make absolute the assignment of May 2, 1921.

"Dated, Detroit, August 11, 1921.
　　　　"(Signed)　LOUIS GUNSBERG (L. S.)"

The foregoing instrument was witnessed and acknowledged. On this same day plaintiff executed

a written assignment of his interest as a vendor in the Kiss-Candler contract and therein recited that his interest in the contract in which these parties were vendors "has now been extinguished by reason of a certain contract and assignment agreed upon by the parties hereto, and this assignment is given in further evidence that I, the said Louis Gunsberg, have no further legal or equitable interest in and to the said property described in said contract." On this record we are constrained to hold as a matter of fact that the plaintiff without reservation assigned all his right, title, and interest in and to the property here involved to the defendant on August 11, 1921. In view of this determination, it is not necessary to pass upon the question of law presented.

The decree of the lower court will be reversed, and one entered dismissing plaintiff's bill of complaint, with costs of both courts to the defendant.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.